UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE:　　　　　　　　　　　　　　　　Hearing Date: May 9, 2019 at 9:30am

　　　Sarah Sanders　　　　　　　　　　Ch. 13 Case No.: 18-11733

　　　　　　　　　Debtor

---

## NOTICE OF MOTION FOR ORDER PERMITTING WILLIAM WALDNER, ESQ. TO BE RELIEVED AS COUNSEL PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(e)

PLEASE TAKE NOTICE that upon the annexes application (the "Application") of William Waldner, Esq., the undersigned will move this Court, before the Honorable Cecelia Morris, United States Bankruptcy Judge, United States Bankruptcy Court, 1 Bowling Green New York, New York in room 617 on May 9, 2019 at 9:30A.M., or as soon thereafter as counsel may be heard, for an Order Permitting William Waldner, Esq. to be relieved as counsel pursuant to local bankruptcy rule 2090-1(e).

PLEASE TAKE FURTHER NOTICE that responsive papers, if any, should be filed with the Court and the Office of the US Trustee and served upon William Waldner at 469 7th Avenue, 7th Floor, New York, New York 10018, no later than seven (7) days prior to the return date herein and shall conform with the Federal Rules of Civil Procedure.

Dated: New York, New York
　　　　April 15, 2019

　　　　　　　　　　　　　　　　　　　　　/s/ William Waldner
　　　　　　　　　　　　　　　　　　　　　William Waldner, Esq.
　　　　　　　　　　　　　　　　　　　　　469 7th Avenue
　　　　　　　　　　　　　　　　　　　　　Seventh Floor
　　　　　　　　　　　　　　　　　　　　　New York, NY 10018
　　　　　　　　　　　　　　　　　　　　　(212)244-2882

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

IN RE:                                         Hearing Date: May 9, 2019 at 9:30am

      Sarah Sanders                       Ch. 13 Case No.: 18-11733

                                  Clients
-----------------------------------------------------------------

## APPLICATION IN SUPPORT OF MOTION FOR AN ORDER PERMITTING WILLIAM WALDNER, ESQ. TO BE RELIEVED AS COUNSEL PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(e)

### TO: THE HONORABLE CECELIA G MORRIS,
###     CHIEF UNITED STATES BANKRUPTCY JUDGE:

The application of William Waldner, Esq. (the "**Applicant**"), attorney for Sarah Sanders (the "**Client**"), respectfully represents as follows:

1. On June 6, 2018 (the "**Filing date**") William Waldner, Esq. filed case #18-11733 for the Client (the "**Case**").

2. Thereafter the Applicant appeared in the Bankruptcy Case on behalf of the Client.

3. The Applicant has spent an inordinate amount of time working on this case.

4. Since this case was filed the Client has insisted on me pursuing litigation that I felt was frivolous. I explained to the Client that I could get sanctioned for filing such litigation. I advised the Client to get a second opinion, I am not sure if she has.

5. During the course of the case the Client told me that she has a forensic audit of her mortgage and other useful information. I asked her to share these items with me but the Client refused. This lack of disclosure makes my job difficult.

6. On July 25, 2018 TIAA, FSB d/b/a TIAA Bank f/k/a Everbank ("the" **Creditor**) file proof of claim number 2 in the Case.

7. Shortly thereafter, the Applicant and the Client discussed the proof of claim and ways to deal with it.

8. Over the next several conversations I felt that loss mitigation might be an option and presented the Client with an application to enter into loss mitigation that required her signature. The Client refused.

9. Ultimately, in November of 2018, I began preparing an objection to the creditor's proof of claim ("the" **Objection**) for the Client to review. Shortly after, I forwarded a draft affidavit for the Client to review and sign in support of the objection. The Client pointed out that the case number was incorrect so I corrected it and sent her a new version to sign.

10. The Client informed me that she had other items to add to her affidavit, so I patiently waited for those items. I asked several times over the next few months for the list of items to add to the affidavit. Finally, on March 14, 2019 the Client emailed me an updated list of items she would like on her affidavit. A few days later, I sent the Client another phrase that I felt needed to be added to the

affidavit. On April 5, 2019 the Client sent me a new version of items for her affidavit with a statement at the end similar to the phrase I felt needed to be included. That same day I sent the Client an updated affidavit for her signature.

11. I have stated that I needed this affidavit back quickly to get on the May 2019 calendar. Despite several requests, I still have not received the notarized affidavit. Instead I get emails from the Client asking why I have not filed any motions in her case and why the case is taking so long.

12. After the trustee filed a motion to dismiss the Client's case, I went over it with the Client and listed the items requested by the trustee. One such item is the Client's 2016 and 2017 tax returns. The Client insists that she cannot file them. She explained that 2 years before this case was filed, she had been to an accountant who said he could not file them. I gave her the number of an accountant who said he would help her. To my knowledge she never called him. Shortly before the March 2019 confirmation hearing the Client gave me the contact information of the accountant she spoke with in the past. The Client informed me that he would explain the problem he was having filing her taxes. I called him and he said there would not be a problem and he would call her into his office to get them filed and forward copies to my office. To date I have not received the taxes.

13. I have also not received but have requested proof of the Client's income for the 3 months prior to filing the case, copies of leases the Client has with her tenants and the full legal name of the family member who is supporting the Client's household so that I can create a third-party affidavit for him to sign.

14. Over the last several months I have had several conversations with the Client typically lasting over an hour each. The conversations have become very adversarial and unproductive. Essentially, I have been asking for the same things, explaining the law on various issues and the Client has been adversarial. Most recently on April 11, 2019 the Client sent me a lengthy email telling me that she feels like I am not working in her best interest or doing a good job in her case.

15. The above issues allow me to withdraw as counsel pursuant to Rule 1.16 of the New York Rules of Professional Conduct, especially as they relate to the following provisions.

16. Rule 1.16 of the New York Rules of Professional Conduct, as effective January 2017 states, in relevant part:

>   (b) Except as stated in paragraph (d), a lawyer may withdraw from representing a Client when:
>
>   (1) the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law;

(4) the lawyer knows or reasonably should know that the Client is bringing the legal action, conducting the defense, or asserting a position in the matter, or is otherwise having steps taken, merely for the purpose of harassing or maliciously injuring any person.

(c) Except as stated in paragraph (d), a lawyer may withdraw from representing a Client when:

(2) the Client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(4) the Client insists upon taking action with which the lawyer has a fundamental disagreement;

(6) the Client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by god faith argument for an extension, modification, or reversal of existing law;

(7) the Client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively;

(12) the lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal; or

(13) the Client insists that the lawyer pursue a course of conduct which is illegal or prohibited under these Rules.

16. While Applicant does not believe that it is advisable to state in detail the circumstances giving rise to certain of the above issues, it will do so <u>in camera</u>, if the Court so requests.

17. Notwithstanding, Applicant submits that it is unable to successfully represent a Client who, by her own conduct, renders it unreasonably difficult to carry out Applicant's employment effectively.

18. Accordingly, Applicant requests that it be permitted to withdraw as counsel for the Client in this Chapter 13 case, and will take such steps as are necessary to ensure an orderly transition of the case to new counsel.

WHEREFORE, the Applicant respectfully requests that the Court grant the relief sought herein, together with any and such other and further relief as is just, proper and equitable under the circumstances.

Dated: New York, New York
April 15, 2019

*[signature]*
William Waldner, Esq.
469 Seventh Ave
Seventh Floor
New York, New York 10018
212-244-2882