UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

FILED
U.S. BANKRUPTCY COURT
2019 MAY -1 P 3: 10
S.D. OF N.Y.

IN RE:          Hearing Date: May 9, 2019 at 9:30am

   Sarah E. Sanders     Chapter 13 Case No.: 18-11733cgm

          Debtor

DEBTOR ANSWERS IN OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL (William W. Waldner Esq.) AND OPPOSITION OF INTERIM ATTORNEY FEES.

TO: THE HONORABLE CECELIA G MORRIS, CHIEF UNITED STATES BANKRUPTCY JUDGE

Debtor, Sarah E Sanders respectfully answers the following:

1. The actual filing date for the chapter 13 bankruptcy (Case #18-11733cgm) filed by William Waldner (Attorney/Applicant) on June 5, 2018 for Sarah Sanders (Debtor/Client).

2. The Attorney appeared soon after with debtor at 341 meeting and Confirmation meeting. At first meeting between Attorney and Debtor the Attorney stated that his fee would be $4,000 upfront, which Debtor paid in cash plus a money order for $310 bankruptcy filing fee and Debtor later paid and took two credit counseling classes for $25 each online. She discussed with the Attorney that the Creditor, Capital One was attempting a sale of her home on June 6.

3. The Debtor feels that she has been treated unfairly and damaged since day one of her bankruptcy filing. Motions that needed to be filed were overlooked and delayed purposely. Pertinent information that was presented to Attorney should have been filed early in the case. Time and patience has been lost. Debtor feels Attorney purposely delayed filing her motion for discovery and filing an objection in 2018. Instead of using his professional reasoning Attorney delayed in helping the Debtor to file her objection until after 2019 when Trustee filed her motion to dismiss. Debtor's Attorney stated that Creditor's Attorney would not produce any information until an objection was filed.

4. Immediately after filing the bankruptcy case, Debtor wanted an objection raised that the debt was not hers. Attorney stated that regardless of documented proof, Debtor's Attorney would not would not file the objection. Attorney raised a concern that he would be sanctioned by the court. Debtor faxes a part of the loan history for Attorney to review that showed a discrepancy with loan type. There was also additional evidence in the loan history that refuted the claim.

5. Debtor shared additional information with her Attorney but he did not seem concerned. Attorney felt that his opinion was only one that counted. Debtor felt that if Creditor asserted its rights to file an objection in her bankruptcy, why couldn't she?

6. Creditor filed a "Notice only" claim in the beginning.

7. The Attorney discussed the Creditor's Proof of Claim and determined it was valid but did not file a dispute or an objection on debtor's behalf. He wanted the Debtor to go into loss mitigation. The Debtor's Attorney wanted her to ignore her concerns. The Attorney has been intentionally guiding the Debtor towards a resolution in the Bank's favor.

8. The Debtor realized that she should address the issue through the court by a statement to the Judge and Trustee. Attorney stated that the Judge and Trustee would not be interested in her concerns. Debtor realized that her Attorney did not want to file her objection. She wanted the court to know that she did not apply for a FHA Mortgage nor did she refinance this mortgage. Debtor is concerned that loan was changed in some way without her knowledge. Debtor closed on a conventional loan but the servicer Everhome mortgage has information based on a FHA mortgage. Debtor was refused an online accounting of her mortgage by the servicer Everhome mortgage. There was a loan modification done in 2008 but Creditor, Capital one states that it did not receive the $18,000 in arrears payment from Debtor. The Debtor has submitted proof in the past twice. Debtor is concerned if there is fraud involved. Debtor's Attorney has been told this information.

9. Debtor's Attorney stated that he had consulted with another attorney (Linda Tirelli) who believed that the objection should be raised. Debtor's Attorney stated that he did not see the same result. He emailed Debtor the contact information of this lawyer. Debtor stated that she was not able to afford another attorney and suggested that he transfer his payment to the new attorney since he could not help with her case. Debtor's Attorney refused the request.

10. Attorney finally decided to file her objection but there was no effort on his part to accurately complete the written objection. There was very little information added and the document needed to be corrected twice. Attorney's attempt was in the Creditor's favor not the "client." Attorney stated that the mistakes were done in error but Debtor wondered if this was true. Debtor decided to write the objection on her own after Attorney's attempt. She researched the internet for information. Debtor did ask for help from Attorney but he stated that he didn't realize she needed help. The Debtor unfairly completed the objection to the best of her ability. Attorney wanted statement added. Debtor added the statement with needed changes.

11. Debtor emailed her part of the written objection to her Attorney. She asked that the Attorney send her the completed document after his review. This was not done. The Attorney sent her written objection by email and asked that she have it notarized by a notary. Debtor asked Attorney if he meant a notarized affidavit of mailing, but he wanted her written part notarized and it was to be added to other documents. Debtor never saw completed pages to be added. Debtor became fearful of adding her notarized signature after Attorney became harsh after asking questions. Debtor inquired what signature block was for ( /s/ ) and why she was not able to use It for her signature.

12. Debtor did not know of Trustee's motion to dismiss until she checked her email and asked Attorney to explain. An accountant stated to Debtor that there were legal issues involved but Debtor never received a clear reason why. When Attorney never attempted to file Debtor's objection she felt that she could not trust his decisions.

13. Debtor asked that Attorney file her objection as soon as possible as not to waste the court's time. Creditor who is not deserving of this information may use it to do her harm. Debtor is responsible for all information released pertaining to family and leases that contain tenant's personal information. Debtor informed attorney that she wanted her objection filed right away and a statement issued to the Trustee during the 341 meeting that there was a dispute with a Proof of Claim and that an objection would be filed right away.

14. 15. 16. 17. 18. The Debtor has been inquisitive of the Attorney's work ethic and professional conduct. The Attorney has been exhibiting an allegiance to the Creditor/Capital One by feeding client misleading information, delaying filing her objection which is her right to defend herself and misleading the court as to client's actions by way of court dismissals. Advising client in a way that purposely causes injury to her case. Feeding client's information to Creditor unbeknownst to her and the court. Attorney's fees should be re-evaluated. The Attorney has broken the contract by leaving client stranded whereby his work ethic and professionalism is called into play.

Dated: New York, New York
Dated: May 1, 2019

Respectfully submitted,

*Sarah Sanders*
Sarah Sanders
322 E 120th street #1
New York, NY 10035